## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARCH INSURANCE COMPANY a/s/o GOLDENS BRIDGE FIRE DISTRICT,<br><br>Plaintiff(s),<br><br>vs.<br><br>GOLDENS BRIDGE FIRE DEPARTMENT<br><br>Defendant(s). | Civil Action No. |

### *COMPLAINT IN A CIVIL ACTION*

Plaintiff, ARCH INSURANCE COMPANY a/s/o GOLDENS BRIDGE FIRE DISTRICT, by and through, its attorneys, Mintzer Sarowitz Zeris Ledva & Meyers, LLP, by way of this complaint against the defendant, GOLDENS BRIDGE FIRE DEPARTMENT, alleges as follows:

### THE PARTIES

1. Plaintiff, ARCH INSURANCE COMPANY, is a business corporation organized and existing under the laws of the State of Missouri, with its principal place of business located at One Liberty Place, 53rd Floor, New York, New York.

2. Plaintiff brings this action as a lawful contractual subrogee of GOLDENS BRIDGE FIRE DISTRICT (hereinafter "FIRE DISTRICT") a fire district located at 254 Waccabuc Road, Goldens Bridge, New York 10526.

3. At all relevant times hereto, plaintiff ARCH INSURANCE COMPANY was the insurance carrier for the FIRE DISTRICT.

4. At all relevant times hereto, the FIRE DISTRICT was the owner of a fire station and facility located at 254 Waccabuc Road, Goldens Bridge, New York 10526.

5.     At all relevant times hereto, GOLDENS BRIDGE FIRE DEPARTMENT is a volunteer fire department.

6.     At all relevant times hereto, defendant GOLDENS BRIDGE FIRE DEPARTMENT operated a volunteer fire department at the premises located at 254 Waccabuc Road, Goldens Bridge, New York 10526.

## JURISDICTION AND VENUE

7.     Defendant GOLDENS BRIDGE FIRE DEPARTMENT is a domestic not-for-profit corporation duly organized and existing pursuant to the laws of the State of New York.

8.     Defendant GOLDENS BRIDGE FIRE DEPARTMENT is a New York not-for-profit corporation located in Westchester County, New York.

9.     At all times relevant hereto, defendant GOLDENS BRIDGE FIRE DEPARTMENT committed a tortious act which resulted in damages within the State of New York.

10.    Venue is proper in this action as plaintiff's subrogor is located within the State of New York, County of Westchester.

11.    Venue is proper in this action as the subject accident occurred within the State of New York, County of Westchester.

## THE INCIDENT

12.    On or about February 24, 2014 defendant GOLDENS BRIDGE FIRE DEPARTMENT operated its firematic equipment at the premises located at 254 Waccabuc Road, Goldens Bridge, New York 10526.

13. On or about February 24, 2014 defendant GOLDENS BRIDGE FIRE DEPARTMENT maintained its firematic equipment at the premises located at 254 Waccabuc Road, Goldens Bridge, New York 10526.

14. On or about February 24, 2014 defendant GOLDENS BRIDGE FIRE DEPARTMENT controlled the firematic equipment at the premises located at 254 Waccabuc Road, Goldens Bridge, New York 10526.

15. On or about February 24, 2014 defendant GOLDENS BRIDGE FIRE DEPARTMENT utilized the premises located at 254 Waccabuc Road, Goldens Bridge, New York 10526 as plaintiff's fire department headquarters.

16. On or about February 24, 2014 defendant GOLDENS BRIDGE FIRE DEPARTMENT stored various vehicles including fire trucks, chiefs vehicles and similar emergency vehicles at the premises located at 254 Waccabuc Road, Goldens Bridge, New York 10526.

17. On or about February 24, 2014 defendant GOLDENS BRIDGE FIRE DEPARTMENT owned a 1998 Chevrolet Suburban bearing vehicle identification number 1GNGK26NXWF324660.

18. That on or about February 24, 2014 defendant GOLDENS BRIDGE FIRE DEPARTMENT utilized the said premises located at 254 Waccabuc Road, Goldens Bridge, New York 10526 to perform training exercises for its volunteer members.

19. That the defendant GOLDENS BRIDGE FIRE DEPARTMENT had the exclusive use of the fire station bays for use by the GOLDENS BRIDGE FIRE DEPARTMENT for the storage and maintenance of GOLDENS BRIDGE FIRE DEPARTMENT equipment and vehicles.

20.     On or about February 24, 2014 GOLDENS BRIDGE FIRE DISTRICT received a notice of a fire in the bay of the premises located at 254 Waccabuc Road, Goldens Bridge, New York 10526.

21.     That on or about February 24, 2014 the bay where the fire started was in the premises located at 254 Waccabuc Road, Goldens Bridge, New York 10526, was exclusively used, maintained, operated and controlled by defendant GOLDENS BRIDGE FIRE DEPARTMENT.

22.     That on or about February 24, 2014 a fire started in the bay of the premises located at 254 Waccabuc Road, Goldens Bridge, New York 10526, which bay was exclusively used, operated, maintained and controlled by defendant GOLDENS BRIDGE FIRE DEPARTMENT.

23.     That on or about February 24, 2014 the said fire started in the aforementioned Suburban vehicle, owned, operated, maintained and controlled by defendant GOLDENS BRIDGE FIRE DEPARTMENT.

24.     As a result of the aforesaid fire the premises located at 254 Waccabuc Road, Goldens Bridge, New York 10526 sustained property damages for which Arch Insurance Company was contractually obligated to pay.

## AS AND FOR A FIRST CAUSE OF ACTION

25.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in the aforementioned paragraphs "1" through "24" with the force and effect as it set forth herein at length.

26.     At all relevant times defendant GOLDENS BRIDGE FIRE DEPARTMENT had a duty to maintain its equipment in a safe and prudent manner.

27. At all relevant times defendant GOLDENS BRIDGE FIRE DEPARTMENT had a duty to operate its equipment in a safe and prudent manner.

28. At all relevant times defendant GOLDENS BRIDGE FIRE DEPARTMENT had a duty to control its equipment in a safe and prudent manner.

29. At all relevant times defendant GOLDENS BRIDGE FIRE DEPARTMENT had a duty to inspect its equipment to make sure that such equipment operated in a safe and proper manner.

30. At all relevant times defendant GOLDENS BRIDGE FIRE DEPARTMENT had a duty to exercise reasonable care with regard to the use and operation of its equipment.

31. At all relevant times defendant GOLDENS BRIDGE FIRE DEPARTMENT had a duty to prevent foreseeable harm to other persons and/or property.

32. At all relevant times defendant GOLDENS BRIDGE FIRE DEPARTMENT was negligent in the operation, maintenance, use and control of its equipment.

33. As a result of defendant GOLDENS BRIDGE FIRE DEPARTMENT's negligence, recklessness and carelessness, defendant GOLDENS BRIDGE FIRE DEPARTMENT caused a fire, resulting in property damage to the premises owned by FIRE DISTRICT.

34. Defendants GOLDENS BRIDGE FIRE DEPARTMENT are solely liable for damages sustained by defendant GOLDENS BRIDGE FIRE DISTRICT and Arch Insurance Company in the amount of $9,188,352.71.

**AS AND FOR A SECOND CAUSE OF ACTION**

35. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the aforementioned paragraphs "1" through "34" with the force and effect as it set forth herein at length.

36. That on or about February 24, 2014 defendant GOLDENS BRIDGE FIRE DEPARTMENT members and/or agents, servants, employees or contractors removed various components of the aforementioned Suburban.

37. That on or before February 24, 2014 members, agents, servants, employees or contractors of GOLDENS BRIDGE FIRE DEPARTMENT removed various components of the said Suburban in a reckless, negligent and careless manner.

38. That on or before February 24, 2014 members, agents, servants, employees or contractors of defendant GOLDENS BRIDGE FIRE DEPARTMENT reckless, negligent and careless removal of component parts of the said Suburban caused a fire resulting in property damages to the premises owned by FIRE DISTRICT.

39. Defendants GOLDENS BRIDGE FIRE DEPARTMENT are solely liable for damages sustained by defendant GOLDENS BRIDGE FIRE DISTRICT and Arch Insurance Company in the amount of $9,188,352.71.

**AS AND FOR A THIRD CAUSE OF ACTION**

40. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the aforementioned paragraphs "1" through "39" with the force and effect as it set forth herein at length.

41. At all relevant times and/or prior to February 24, 2014 defendant GOLDENS BRIDGE FIRE DEPARTMENT had exclusive control and management of the bays and adjacent portions of the premises located at 254 Waccabuc Road, Goldens Bridge, New York 10526.

42. At all relevant times and/or prior to February 24, 2014 defendant GOLDENS BRIDGE FIRE DEPARTMENT had the exclusive control and management of the equipment, including a charging system at the premises located at 254 Waccabuc Road, Goldens Bridge, New York 10526.

43. At all relevant times and/or prior to February 24, 2014 defendant GOLDENS BRIDGE FIRE DEPARTMENT had the exclusive control and management of the electrical cords, connecting defendants Suburban to a charging system at the premises located at 254 Waccabuc Road, Goldens Bridge, New York 10526.

44. At all relevant times and/or prior to February 24, 2014 defendant GOLDENS BRIDGE FIRE DEPARTMENT had the exclusive control and management of the Suburban connected to a charging system at the premises located at 254 Waccabuc Road, Goldens Bridge, New York 10526.

45. Plaintiff relies on the negligence of defendant as inferred from the general situation described under the doctrine of *res ipsa loquitor* and states and alleges that had defendant executed due and proper care in the use, maintenance, operation and control of its vehicles, equipment and the fire station bays, the accident complained of would not have occurred and plaintiff would not have suffered the injuries as set forth in this complaint.

46. Defendants GOLDENS BRIDGE FIRE DEPARTMENT are solely liable for damages sustained by defendant GOLDENS BRIDGE FIRE DISTRICT and Arch Insurance Company in the amount of $9,188,352.71.

## AS AND FOR A FOURTH CAUSE OF ACTION

47. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the aforementioned paragraphs "1" through "46' with the force and effect as it set forth herein at length.

48. By virtue of the facts and circumstances of the accident as above alleged, the doctrine of *res ipsa loquitor* is applicable to the claim against defendant.

49. That the instrumentality that caused the fire and resultant property damages were exclusively in the control of defendant, and as this type of accident does not ordinarily occur in the absence of carelessness, recklessness or negligence, the application of *res ipsa loquitor* is applicable herein.

50. As a direct and proximate result of the above described fire and the negligence and recklessness of defendant, its agents, servants, and employees, plaintiff sustained damages to its property.

51. Defendants GOLDENS BRIDGE FIRE DEPARTMENT are solely liable for damages sustained by defendant GOLDENS BRIDGE FIRE DISTRICT and Arch Insurance Company in the amount of $9,188,352.71.

## AS AND FOR A FIFTH CAUSE OF ACTION

52. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the aforementioned paragraphs "1" through "51" with the force and effect as it set forth herein at length.

53. In the event that plaintiff is unable to prove the specific acts described above, plaintiff will rely upon the doctrine of *res ipsa loquitor* and alleges that defendant was negligent

in the manner of conducting its firematic operations with respect to the storage, maintenance, control and inspection of its equipment.

54. If defendant had conducted its operations in an ordinary prudent manner, in the usual course of events the damages to plaintiff's premises would not have occurred.  Therefore, defendant's negligence was the proximate cause of the damages to plaintiff's premises.

55. Defendants GOLDENS BRIDGE FIRE DEPARTMENT are solely liable for damages sustained by defendant GOLDENS BRIDGE FIRE DISTRICT and Arch Insurance Company in the amount of $9,188,352.71.

## AS AND FOR A SIXTH CAUSE OF ACTION

56. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the aforementioned paragraphs "1" through "55" with the force and effect as it set forth herein at length.

57. That defendant, its agents, servants, employees and members routinely performed training exercises at the subject premises.

58. That defendant had the duty to perform training exercises at the location and premises in a safe and prudent manner.

59. That on or before February 24, 2014 defendant performed training exercises which required that defendants members alter and/or wedge open a self-closing fire door so that said fire door would not close.

60. That defendants reckless, negligent and careless, alteration, modification, change, adjustment, reconfiguration or such other similar conduct prevented the self closing fire door from closing, permitting the fire in the bay area located on the ground floor of the premises to

travel up the stairwell adjacent to the self closing door, thus permitting the fire to spread to the second floor of the subject premises.

61. That defendants reckless, careless and negligent disassembling of the self closing fire door which prevented the fire door from acting in the manner for which it was intended, resulted in the spread of the fire caused by defendant.

62. That defendant had the exclusive control over the self closing door.

63. That the damage to the second floor of the premises would not have occurred had defendant and/or plaintiffs members not altered the self closing fire door so as to prevent the door from closing in the manner for which it was intended.

64. That the damages to the second floor of the subject premises would not have occurred but for the negligence, recklessness and carelessness of the defendant, its agents, servants, employees and/or members in the alteration of the self closing fire door.

65. As a result of the negligence and carelessness of defendant its agents, servants, employees and/or members in the alteration of the self closing fire door, plaintiff sustained damages to the premises located at 254 Waccabuc Road, Goldens Bridge, New York 10526.

66. Defendants GOLDENS BRIDGE FIRE DEPARTMENT are solely liable for damages sustained by defendant GOLDENS BRIDGE FIRE DISTRICT and Arch Insurance Company in the amount of $9,188,352.71

## **JURY DEMAND**

67. Plaintiff hereby demands a trial by a jury of six (6) persons.

**WHEREFORE**, plaintiff demands judgment against defendant in the amount of $9,188,352.71, and for such other and further relief as this Court may deem just and proper.

BY:_____/s/_____
BRADLEY J. LEVIEN, ESQ. (BL-0503)
Attorney for Plaintiff
Suite 200, 17 West John Street
Hicksville, NY 11801
(516) 939-9200