USDC SDNY
DOCUMENT
ELECTRONICALLY FILE
DOC #:
DATE FILED: 4/6/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARCH INSURANCE COMPANY a/s/o GOLDENS BRIDGE FIRE DISTRICT,

       Plaintiff,

-against-

GOLDENS BRIDGE FIRE DEPARTMENT,

       Defendant.

No. 16-CV-9921 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

  Plaintiff Arch Insurance Company ("Arch"), as subrogee of Goldens Bridge Fire District, brings this action against Defendant Goldens Bridge Fire Department (the "Fire Department"), seeking to recover $9,188,352.71 in damages relating to a fire in Defendant's operating premises. (ECF No. 18.) Presently before the Court is Defendant's motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), for lack of personal jurisdiction, and 12(b)(5), for insufficient service of process. (ECF No. 24.)

  For the following reasons, Defendant's motion to dismiss the Amended Complaint is DENIED.

## BACKGROUND

  For all periods relevant to this action, Plaintiff has been the insurance carrier of the Goldens Bridge Fire District (the "Fire District"). (Am. Compl. ¶ 3.) On February 24, 2014, a District-owned property covered by this insurance policy was severely damaged by a fire. (*Id.* ¶¶ 12–24.) The damaged property—a fire station located at 254 Waccabuc Road, Goldens Bridge, New York—was the operating premises for Defendant, the Goldens Bridge Fire Department (the "Fire Department"). (*Id.*) As part of their operation, the Fire Department—a not-for-profit

volunteer-based organization—performed training drills and stored its equipment and vehicles on the premises. (*Id.*)

An investigation allegedly revealed that the fire that caused extensive damages to the premises started in a Chevy Suburban owned by the Fire Department. (*Id.*) On the date of the fire, the vehicle had allegedly been placed into a bay on the ground floor of the premises, where it was connected to a Kussmaul system to keep the vehicle constantly charged. (*Id.* ¶¶ 17, 23, 60.) The fire-retardant door in the bay area had allegedly been propped open by members of the Fire Department during a drill days earlier. (*Id.* ¶¶ 57–63.) Because the door remained in an open position at the time of the fire, the fire was able to spread from the Chevy Suburban into the rest of the premises, resulting in extensive fire damage. (*Id.*)

Plaintiff commenced the present action, seeking over nine million dollars in damages from the Fire Department—ostensibly to recover monies it paid to the insured Fire District for the damaged property—on December 23, 2016. (ECF No. 1.) On January 5, 2017, Plaintiff served a copy of the summons and Complaint upon "Kristina Hughes," an individual at the Fire Department who identified herself as a "volunteer firefighter." (Decl. of Marc D. Sloane in Opp. to Def.'s Mot. to Dismiss, Ex. A., Affidavit of Service ¶ 6, ECF No. 30.) Kristina Hughes does not hold any civil officer office in the Fire Department nor is she a general agent or managing agent of the Fire Department. (Aff. of Kristina Hughes in Supp. of Def.'s Mot. to Dismiss ("Hughes Aff.") ¶ 3, ECF No. 28.) Rather, Hughes is merely a member of the Fire Department who has served as a volunteer firefighter for nearly twelve years. (*Id.*)

On January 26, 2017, the Fire Department filed an Answer to Plaintiff's Complaint asserting a number of affirmative defenses, and generally stating that this Court lacked personal jurisdiction over Defendant. (Answer ¶ 17, ECF No. 19.) Defendant, however, failed to allege

any facts to support that conclusory averment. (*Id.*)

At a conference on May 25, 2017, this Court granted Plaintiff leave to amend the Complaint and correct its allegations pertaining to the location of Plaintiff's principle place of business. Plaintiff subsequently amended the Complaint that same day. (Amend. Compl., ECF No. 18). Defendant filed its Answer to the Amended Complaint a few days later, which again included the same defenses and claims regarding the Court's lack of personal jurisdiction. (Answer to Am. Compl., ECF No. 19.)

On June 6, 2017, Plaintiff filed an Affidavit of Service indicating that it had effected service of the Amended Complaint upon the Secretary of State of New York on June 1, 2017. (ECF No. 21.)

On August 30, 2017, Defendant moved to dismiss Plaintiff's Amended Complaint, arguing that Plaintiff had failed to properly effect service of process. (ECF No. 24.) Plaintiff contends, however, that Defendant waived its claim for insufficient service of process by failing to include it in the Answer to the Amended Complaint. Plaintiff further contends that even if the defense is not waived and the Court finds that service was improper, the Court can and should, in its discretion, extend Plaintiff's time to effectuate proper service on Defendant. The Court now considers each argument in turn.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court —on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant . . . ." Fed. R. Civ. P 4(m). If, however, "the plaintiff shows good cause for the failure, the court *must* extend the time for service for an appropriate period." *Id.* (emphasis added). Moreover, even absent a showing of

good cause, "a court has the discretion to grant an extension of time to serve the defendant." *Hahn v. Office & Prof'l Employees Int'l Union, AFL-CIO*, 107 F. Supp. 3d 379, 382 (S.D.N.Y. 2015) (citing *Zapata v. The City of New York*, 502 F.3d 192, 196–197 (2d Cir. 2007)).

Similarly, Rule 12(b)(5) provides for dismissal of a complaint for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). Proper service of a corporation, partnership, or association in a federal action is governed by Rule 4(h) of the Federal Rules of Civil Procedure. Under Rule 4(h), service upon a corporation, partnership, or association within a judicial district of the United States may be completed by:

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . . .

Fed. R. Civ. P. 4(h). Rule 4(h) further authorizes a party to effectuate service by "following state law for service a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *See Id.*; Fed. R. Civ. P. 4(e)(1).

The applicable state law provides that "[p]ersonal service upon a corporation . . . shall be made by delivering the summons" to "an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." N.Y. C.P.L.R. § 311(a)(1). Alternatively, § 311 also provides that a business corporation may be served pursuant to New York Business Corporation Law ("N.Y.B.C.L.") § 306, which permits service of process on the New York Secretary of State, who is the designated agent for service of process for registered New York corporations.

"In considering a Rule 12(b)(5) motion to dismiss for insufficient service of process, a court must look[ ] to matters outside the complaint to determine whether it has jurisdiction." *Cassano v. Altshuler*, 186 F. Supp. 3d 318, 320 (S.D.N.Y. 2016) (citing *Darden v.*

4

*DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002)). "On a Rule 12(b)(5) motion to dismiss, the plaintiff bears the burden of establishing that service was sufficient." *Khan v. Khan*, 360 F. App'x 202, 203 (2d Cir. 2010) (citing *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005)).

Although Defendant also moves to dismiss the Complaint pursuant to Rule 12(b)(2) for lack of personal jurisdiction, Defendant only raises the issue of insufficient service of process in its motion. Insufficient service of process, however, is properly raised under Rule 12(b)(5) rather than 12(b)(2). *Compare* Fed. R. Civ. P. 12(b)(5) (allowing a party to assert a defense of insufficient service of process), *with* Fed. R. Civ. P. 12(b)(2) (allowing a party to assert a defense for lack of personal jurisdiction).

**DISCUSSION**

As a preliminary matter, this Court finds that Defendant has waived its insufficient service of process defense by failing to properly raise the issue in both its Answer to the original Complaint and its Answer to the Amended Complaint, which were filed prior to the present motion. (*See* ECF Nos. 9, 19 & 24.) It is well settled that the "defense of insufficient service of process 'must be asserted in the responsive pleading if one is required,' or alternatively, in a motion 'made before pleading.'" *Onewest Bank N.A. v. Louis*, No. 15-cv-00597 (PAC) (BCM), 2016 WL 3552143, at *6 (S.D.N.Y. June 22, 2016) (quoting Fed. R. Civ. P. 12(b)), *report and recommendation adopted*, 2016 WL 4059214 (S.D.N.Y. July 28, 2016) "A defendant's failure to plead insufficient service of process in his answer, or assert it in a *pre-answer* motion," thus, "constitutes a waiver of the defense." *Id.* (citing Fed. R. Civ. P. 12(h)); *see also Zherka v. Ryan,* 52 F. Supp. 3d 571, 577 (S.D.N.Y. 2014) ("The defense of insufficient service of process may be waived . . . . A party waives the defense by failing to assert it promptly by motion or in the

responsive pleading . . . ."); *Stuart v. Paulding*, No. 12-CV-0025, 2014 WL 2011240, at *2 (N.D.N.Y. May 16, 2014) ("If a defendant does not raise any objection to insufficient service of process in [his] responsive submission, [he] waives it." (internal quotation marks omitted)).

Here, Defendant filed an Answer to the original Complaint on January 26, 2017 and an Answer to the Amended Complaint on May 31, 2017, each time omitting any reference to insufficient service of process. (*See* ECF Nos. 9 & 19.) Although Defendant did assert that the Court "lacks jurisdiction over the defendant," (Am. Answer ¶ 17), "lack of personal jurisdiction and insufficient process are distinct defenses." *Onewest*, 2016 WL 3552143, at *6; *see also Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1095 (2d Cir. 1990) ("As one would reasonably infer from the fact that the Rules list separately the defenses of lack of personal jurisdiction and insufficiency of service of process, these two defenses, while often related, are not identical."). As the Second Circuit has recognized, a defense of insufficient service of process is not "necessarily revealed by an assertion simply that the court lacks the power to adjudicate the rights and liabilities of the defendant." *Santos*, 902 F.2d at 1095. The defense of insufficient service, therefore, cannot be adequately asserted through vague pronouncements about the absence of personal jurisdiction, like the one included in Defendant's answers. *Id.* Because "neither the original answer nor the amended answer did anything more than badly state that the court lacked personal jurisdiction over [Defendant]," Defendant failed to properly raise the defense of insufficient service of process. *Id.* at 1095–96.

Further, although Defendant was "entitled to raise its service-of-process defense by motion," such motion should have been "made *before* any responsive pleading." *Id.* (emphasis added). Because Defendant filed the present motion *after* filing its responsive pleading, the defense of insufficient service of process was not also not properly raised through this motion.

6

Although the Second Circuit has cautioned that "on occasion, the court, in entertaining a *prompt* motion to dismiss, may properly look beyond an erroneous label and consider a defense of insufficient service of process asserted under the rubric of lack of jurisdiction," *Id.* (emphasis added), Defendant is not entitled to such leeway here. While Defendant promptly filed an Answer to Plaintiff's original Complaint on January 26, 2017, Defendant did not indicate any objections to the service of process until months later, on April 17, 2017. (ECF No. 34.) This near-three month delay is particularly troubling considering that, by Defendant's own account, the statute of limitations on Plaintiff's claim had run by late February 2017. (*See* Def.'s Mot. at 1.) The Second Circuit has specifically warned that while the rules should be construed liberally "so as to do substantial justice," "[a] defendant cannot justly be allowed to lie in wait, masking by misnomer its contention that service of process has been insufficient, and then obtain a dismissal on that ground only after the statute of limitations has run, thereby depriving the plaintiff the opportunity to cure the defect." *Santos*, 902 F.2d at 1096. Regardless of whether Defendant actually acted with such a devious purpose in the present action, that possibility is enough for this Court to refuse Defendant's request to revive a service-of-process defense that has been waived.

Even if Defendant had not waived this defense, however, the Court would nevertheless exercise its discretion pursuant to Federal Rule of Civil Procedure 4(m) to grant Plaintiff an extension of time to effectuate proper service, rendering Defendant's motion to dismiss the Amended Complaint for insufficient service of process moot.

Pursuant to Federal Rule of Civil Procedure 4(m), a court must grant a reasonable extension of time to serve if Plaintiff shows "good cause" for the failure to effect timely service. Fed. R. Civ. P. 4(m). Rule 4(m) additionally affords district courts broad discretion to grant extensions of

time to serve even absent "good cause." *Mares v. United States*, 627 F. App'x 21, 23 (2d Cir. 2015) (summ. order). In exercising such discretion, courts typically consider whether a plaintiff made diligent efforts to effect service as well as:

> (1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.

*Castro v. City of New York*, No. 05-CV-593 (LAK) (MHD), 2007 WL 3071857, at *7 (S.D.N.Y. Oct. 10, 2007) (internal quotation marks omitted), *report and recommendation adopted*, 2007 WL 3224748 (S.D.N.Y. Nov. 1, 2007).

After careful consideration of all relevant factors, the Court finds that an extension of time to effectuate service on Defendant is warranted.[1]

First, Plaintiff has made reasonably diligent efforts to serve Defendant within the ninety-day period provided under Rule 4(m). Plaintiff promptly attempted to effectuate service on Defendant on January 5, 2017—less than a week after filing the initial Complaint. (*See* ECF No. 8.) Soon after Defendant expressed its concern that such service was improper, Plaintiff attempted to address those concerns. Indeed, Plaintiff eventually sought leave to file an Amended Complaint and properly effectuated service within a few days of filing that Complaint. (*See* ECF No. 21.) Because Plaintiff actively engaged in efforts to initially effectuate service and eventually attempted to correct any perceived deficiencies in that service, this factor militates in

---

[1] While Plaintiff does not contend that Defendant attempted to actively conceal the defect in service, such an inference *could* be made where, as here, Defendant did not raise the issue of insufficient service until *after* the statute of limitations had run—particularly considering that Defendant failed to include an insufficient service of process defense in its first responsive pleading. Even without reaching a determination regarding Defendant's motives, however, the other factors weigh in favor of granting Plaintiff an extension of time to effectuate service.

favor of granting Plaintiff an extension of time.

Second, statute of limitations considerations similarly weigh in favor of granting Plaintiff an extension of time to effectuate service. In New York, "negligence actions are governed by a three-year statute of limitations." *Entesar Osman Kashef et al. v. BNP Paribas SA et al.*, No 16-CV-3228 (AJN), 2018 WL 1627261, at *5 (S.D.N.Y. Mar. 30, 2018) (citing N.Y.C.P.L.R. § 214). Thus, the statute of limitations for Plaintiff's claims, which accrued in February 2014, expired in February of 2017. If this Court were to dismiss Plaintiff's action for insufficient service of process, Plaintiff would therefore be barred from re-asserting its claims. In such instances, dismissal under Rule 4(m) would, in effect, become a dismissal *with* prejudice. For this reason, "[c]ourts have consistently considered the fact that the statute of limitations has run on a plaintiff's claim as a factor favoring the plaintiff in a Rule 4(m) analysis." *Songhorian v. Lee*, No. 11-CV-36 (CM), 2012 WL 6043283, at *4 (S.D.N.Y. Dec. 3, 2012) (internal quotation marks omitted) (quoting *AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt.*, 197 F.R.D. 104, 109 (S.D.N.Y 2000)). Otherwise, "dismissal under these circumstances would extinguish potentially meritorious claims without there being an opportunity to have them adjudicated on the merits." *Id.* (internal quotation marks omitted) (quoting *AIG Managed Mkt. Neutral Fund*, 197 F.R.D. at 109–10).

This Court is particularly hesitant to effectively dismiss an action *with* prejudice for insufficient service of process where, as here, the defendant undoubtedly had actual notice of the lawsuit. "[T]he core function of service is to supply notice in a manner and at a time that afford the defendant a fair opportunity to answer the complaint and present defenses and objections." *Garcia v. City of New York*, No. 15-CV-7470 (ER), 2017 WL 1169640, at *6 (S.D.N.Y. Mar. 28, 2017) (internal quotation marks omitted). Accordingly, the Second Circuit has counseled that

"Rule 4 of the Federal Rules is to be construed liberally to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice." *Romandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir. 1986) (internal quotation marks omitted).

Here, Defendants had sufficient notice to both file responsive pleadings and engage in motion practice. (*See* ECF Nos. 9, 19, & 24). Courts in this Circuit have been reluctant to dismiss entire actions for insufficient service where the fundamental purpose of Rule 4 has been so clearly satisfied. *See Jones v. Westchester Cty.*, 182 F. Supp. 3d 134, 145–46 (S.D.N.Y. 2016) (collecting cases). This factor, thus, also weighs in favor of granting Plaintiff an extension of time.

Finally, Defendants will not be unduly prejudiced by this extension. Indeed, courts in this district have recognized that where, as here, a defendant received actual notice and had the opportunity to address the merits of the action, prejudice is minimal. *See, e.g.*, *In re Teligent Servs., Inc.*, 324 B.R. 467, 474 (Bankr. S.D.N.Y 2005), *aff'd*, 372 B.R. 594 (S.D.N.Y. 2007) (recognizing that a finding that defendants had "[a]ctual notice of an action militates against a finding of prejudice") (citing *AIG Managed Mkt.*, 197 F.R.D 111). While this Court sympathizes with Defendant's claim that further prolonging this litigation is damaging to the Department's "esprit de corps," such considerations are immaterial to the procedural issue at hand. Defendant's concerns of Department morale are not directly related directly to Plaintiff's allegedly deficient efforts to effectuate service. Rather, any defendant is likely to face similar hardships, but that is part and parcel of defending a legal suit.

Accordingly, "[c]onsidering the balance of equities and the general preference for deciding cases on the merits," *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 67 (S.D.N.Y. 2010), this Court exercises is discretionary authority under Rule 4(m) to grant Plaintiff an

extension of time to serve Defendant—effectively mooting Defendant's motion to dismiss the Amended Complaint for insufficient service of process.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the Amended Complaint is DENIED. Plaintiff shall correct any deficiencies in service on or before April 20, 2018. The parties are directed to appear for an initial pre-trial conference on April 25, 2018 at 10:00 AM and prepare and provide the attached case management plan to chambers in advance of the scheduled conference. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 24.

Dated: April 6, 2018
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

UNITED STATES DISTRICT COURT　　　　　　　　　　　　　　Rev. May 2014
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x


　　　　　　　　　　　　　　　　　　　　　　　**CIVIL CASE DISCOVERY PLAN**
　　　　　　　　　　　　Plaintiff(s),　　　　　**AND SCHEDULING ORDER**

　　　- against -


　　　　　　　　　　　　Defendant(s).　　　_____ CV _____ (NSR)

-------------------------------------------------------------x

　　　This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel, pursuant to Fed. R. Civ. P. 16 and 26(f):

1. All parties [consent] [do not consent] to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. (If all parties consent, the remaining paragraphs of this form need not be completed.)

2. This case [is] [is not] to be tried to a jury.

3. Joinder of additional parties must be accomplished by _____.

4. Amended pleadings may be filed until _____. Any party seeking to amend its pleadings after that date must seek leave of court via motion.

5. Interrogatories shall be served no later than _____, and responses thereto shall be served within thirty (30) days thereafter. The provisions of Local Civil Rule 33.3 [shall] [shall not] apply to this case.

6. First request for production of documents, if any, shall be served no later than _____.

7. Non-expert depositions shall be completed by _____.

    a. Unless counsel agree otherwise or the Court so orders, depositions shall not be held until all parties have responded to any first requests for production of documents.

    b. Depositions shall proceed concurrently.

    c. Whenever possible, unless counsel agree otherwise or the Court so orders,

non-party depositions shall follow party depositions.

8. Any further interrogatories, including expert interrogatories, shall be served no later than _____.

9. Requests to Admit, if any, shall be served no later than _____.

10. Expert reports shall be served no later than _____.

11. Rebuttal expert reports shall be served no later than _____.

12. Expert depositions shall be completed by _____.

13. Additional provisions agreed upon by counsel are attached hereto and made a part hereof.

14. **ALL DISCOVERY SHALL BE COMPLETED BY** _____.

15. Any motions shall be filed in accordance with the Court's Individual Practices.

16. This Civil Case Discovery Plan and Scheduling Order may not be changed without leave of Court (or the assigned Magistrate Judge acting under a specific order of reference).

17. The Magistrate Judge assigned to this case is the Hon. _____.

18. If, after entry of this Order, the parties consent to trial before a Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Order consistent therewith.

19. The next case management conference is scheduled for _____, at _____. (The Court will set this date at the initial conference.)

SO ORDERED.

Dated: White Plains, New York
_____

_____
Nelson S. Román, U.S. District Judge